# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, | : | |
| Inmate No. 893844, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-3021-TWT-CCH |
| CLAY TATUM, et al. | : | |
|     Respondents. | : | |

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, an inmate at the Augusta State Medical Prison in Grovetown, Georgia, has filed the instant habeas corpus action in which he attempts to challenge the constitutionality of his December 10, 2009, Fulton County convictions and sentences. The matter is presently before the Court on: the petition [Doc. 1]; the answer-response [Doc. 4]; Respondent's motion to dismiss the petition for lack of exhaustion with brief and exhibits in support [Docs. 5, 44]; Respondent's motion to dismiss improper party respondent [Doc. 6]; several of Petitioner's motions [Docs. 9, 11, 13-16, 26-29, 32, 34-36, 39-40]; and

Respondent's amended motion to dismiss the petition as premature and/or for lack of exhaustion with brief and exhibits in support [Docs. 43, 44].

I.   Discussion[1]

On December 10, 2009, Petitioner was convicted by a Fulton County jury of two counts of murder, aggravated assault, and possession of a firearm during the commission of a crime.  (Resp't Ex. Nos. 1, 2).  Petitioner filed the instant federal habeas corpus petition on September 20, 2010.  [Doc. 1].

Petitioner does not appear to have filed an appeal of his convictions and sentences, or a state habeas petition in the state courts.[2]  Respondent initially filed a motion to dismiss the petition for lack of exhaustion [Doc. 5], arguing that Petitioner has made no attempt to exhaust his state court remedies.  Although

---

[1] The Court first notes that Petitioner is a frequent filer in this Court.  After receiving three strikes pursuant to 28 U.S.C. § 1915(g) and attempting to file at least nineteen more civil rights actions, he filed five habeas corpus petitions – four of which have been consolidated into the instant case.  There are several respondents named in this action as a result of the consolidation.  For ease of reference and discussion, however, the undersigned only will refer to "Respondent."

[2] Although Petitioner claims that he filed an appeal and that the "dockets were returned for need of orders," the Georgia Court of Appeals has no record of any appeal filed by Petitioner.  *See Georgia Court of Appeals Docket Search*, http://www.gaappeals.us/docket/results_all.php?searchterm=Terrell&submit=Search (last visited June 14, 2011).

2

Petitioner has flooded the Court with various pleadings, he did not file a response to the motion to dismiss.[3]  Respondent now has filed an amended motion to dismiss as premature and/or for lack of exhaustion, because Petitioner apparently has a motion for new trial pending in the state court and therefore his conviction is not yet final.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), this Court cannot grant a writ of habeas corpus unless the petitioner "has exhausted the remedies available in the courts of the State." To exhaust state remedies, a petitioner must present his claims, on direct appeal or collateral review, to the highest state court of review according to that state's appellate procedure. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Castille v. Peoples*, 489 U.S. 346, 348-51 (1989). In seeking state collateral review, a Georgia state prisoner must complete exhaustion by seeking a certificate of probable cause from the Georgia Supreme Court upon the denial of a state habeas petition. *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004) (per curiam) (holding that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia

---

[3] Respondent filed a certificate of service indicating that the response was sent to Petitioner; however, Petitioner claims that he has not received any response.

Supreme Court" meant that he failed to exhaust all of his available state court remedies).

Here, Petitioner is currently pursuing his state court remedies through a pending motion for new trial. Review of the instant federal habeas petition on the merits at this time would create parallel state and federal proceedings, thereby offending the notion of comity which underlies the exhaustion requirement. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). When a petition contains unexhausted claims, it normally must be dismissed without prejudice. *Id.* In light of *Rose*, this Court finds that the instant petition for a writ of habeas corpus should be dismissed without prejudice.

II.   Conclusion

Based on the foregoing, it is **RECOMMENDED** that Respondent's motion to dismiss for lack of exhaustion [Doc. 5] and amended motion to dismiss as premature and/or for lack of exhaustion [Doc. 43] be **GRANTED** and this action be **DISMISSED** without prejudice.

**IT IS ORDERED** that the following motions be **DENIED AS MOOT:**

(1)   Respondent's Motion to Dismiss Improper Party Respondent [Doc. 6];

4

(2)  Petitioner's ex parte motion for Court Order to be declared indigent [Doc. 9];

(3)  Petitioner's emergency ex parte motion for temporary restraining order, motion for emergency transfer order [Doc. 11];

(4)  Petitioner's motion for court order to conduct depositions [Doc. 13];

(5)  Petitioner's motions to appoint counsel [Doc. 14, 32];

(6)  Petitioner's motion to substitute lead Respondent [Doc. 15];

(7)  Petitioner's motion to consolidate cases [Doc. 16];

(8)  Petitioner's motion to compel production of original records and to receive copies in "microphotography" format [Doc. 26];

(9)  Petitioner's motion to compel production of original records on microfiche, to compel discovery for copying and inspecting on microfilm [Doc. 27];

(10) Petitioner's motion to for pretrial case management and evidentiary hearings [Doc. 27];

(11) Petitioner's motion to consolidate motions [Doc. 28];

(12) Petitioner's motion for a court order to be declared indigent for mediums [Doc. 29];

(13) Petitioner's motion for a court order to compel production [Doc. 32];

(14) Petitioner's motion for habeas corpus appellant bond or in the alternative, motion to stay state judgment motion for habeas corpus bond [Doc. 33];

AO 72A
(Rev.8/82)

(15) Petitioner's motion for emergency transfer, or in the alternative, motion for order declaring bond [Doc. 34];

(16) Petitioner's motion for writ of mandamus [Doc. 35];

(17) Petitioner's motion for consolidation [Doc. 36];

(18) Petitioner's motion to compel Respondents to provide copies of pleadings [Doc. 39], and

(19) Petitioner's motion for extension of time to file a reply.[4]

## III. Certificate of Appealability "COA"

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong and that any dispositive

---

[4] Respondent's motion to dismiss the petition was filed on November 15, 2010. As such, Petitioner's response thereto was due on or around November 29, 2010, nearly six months ago. *See* L.R. 7.1B, N.D. Ga. Moreover, Petitioner had twenty days to respond to Respondent's amended motion to dismiss and has not done so. As indicated earlier, Respondent filed a certificate of service indicating that both motions were sent to Petitioner.

procedural ruling by the district court is debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 366 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that the petition is premature and/or that Petitioner has failed to exhaust state court remedies. Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this 16th day of June, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)